NADAL, PLAINTIFF AND RESPONDENT; *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 996.—Decided November 14, 1913.

APPEAL—JURISDICTION—QUESTION RAISED DE OFFICIO.—Although neither of the parties raised the question as to whether the Supreme Court has jurisdiction to entertain an appeal, the court may consider the same *de officio.*

ID.—CASES ORIGINATING IN MUNICIPAL COURTS—JURISDICTION—AMOUNT SUED FOR—AMOUNT OF JUDGMENT.—In order to determine the jurisdiction of the Supreme Court in appeals from judgments of district courts in cases originating in municipal courts, the amount sued for or sought to be recovered should govern when that amount is the subject-matter of the appeal, and the amount of the judgment should govern when that and not the amount claimed in the complaint is the subject-matter of the appeal.

CONSTRUCTION OF LAW.—Statutes should be so construed as to give effect to the whole.

The facts are stated in the opinion.

Mr. *Federico G. Pérez Almiroty* for appellant.

Mr. *E. Ramírez Nadal* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 28, 1913, Salvador Nadal filed a complaint in the Municipal Court of the Municipal Judicial District of Mayagüez against The American Railroad Company of Porto Rico claiming the sum of $400 as an indemnity for damages caused the plaintiff by the fault and negligence of the defendant company.

On appeal a trial *de novo* was had in the District Court for the Judicial District of Mayagüez, which rendered judgment on March 9 last in favor of the plaintiff for the sum of $280, together with all the costs and disbursements.

From that judgment the defendant company appealed to this court on the grounds deemed appropriate to support the appeal.

Neither of the parties has raised the question as to whether this court has jurisdiction to entertain the appeal,

but as this question may be raised by this court *de officio,* as we have held many times in construing section 109 of the Code of Civil Procedure, we will consider that question first; for if we are without jurisdiction we shall be prevented from re-viewing and deciding the appeal on its merits.

The statute specifying the cases in which appeals may be taken to this court is section 295 of the Code of Civil Procedure as amended by the acts of March 9, 1905, and March 11, 1908. The pertinent parts of said section read as follows:

"Section 295.—An appeal may be taken to the Supreme Court from a district court:
"1. * * *.
"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

In the present case the value of the thing claimed exceeds $300, for the plaintiff seeks to recover $400 from the defendant as an indemnity for damages, but the amount of the judgment is less than $300 because the defendant was adjudged to pay $280 to the plaintiff as such damages.

In deciding the question of the jurisdiction of this court, shall we be guided by the amount sued for or by the amount for which judgment was rendered?

The wording of the statute quoted does not establish a general and absolute rule that in order to determine the jurisdiction of this court in cases originating in the municipal courts the amount sued for shall be taken always as the basis, for there are cases in which the jurisdiction depends upon the amount of the judgment. The text of the statute should be construed so as to give effect to the whole, and if we hold that only the amount sought to be recovered can be taken as a basis for determining whether or not the appeal lies, the words of the statute relative to the amount of the judgment would be superfluous.

In order to give effect to the language of the statute, we should construe it in the sense that in determining the jurisdiction of this court in cases of appeals from judgments of district courts in appeals from municipal courts, the amount claimed in the complaint should govern when that amount is the subject-matter of the appeal, and the amount of the judgment should govern when that and not the amount claimed in the complaint is the subject-matter of the appeal.

It follows from the said doctrine that if Salvador Nadal had appealed from the judgment rendered by the District Court of Mayagüez in order to recover the indemnity of $400 prayed for in the complaint, the jurisdiction of this court would be determined by the amount claimed in the complaint itself; but as the appeal was not taken by the plaintiff but by the defendant, The American Railroad Company of Porto Rico, which sought to be relieved of the payment of the $280 damages imposed by the judgment appealed from, the jurisdiction of this court should be determined by the amount of the judgment, which amount and not the amount sued for in the complaint is the subject-matter of the appeal. This is true to such an extent that, no appeal having been taken by Salvador Nadal, this court could not grant him an amount of damages exceeding the $280 allowed him by the judgment appealed from.

For the foregoing reasons we must hold that this court is without jurisdiction of the appeal and it should be dismissed.

*Appeal dismissed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.